STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7000
    Facsimile: (415) 436-7009
    Email: cynthia.stier@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No. 4:13CR00374-001 JD |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| OMAR "RICKY" NASR AHMAD, | Date: April 28, 2021<br>Time: 10:30 a.m. |
| Defendant. | |

I.    INTRODUCTION

    a. Charges

On June 12, 2013, a five-count Indictment was filed in the Northern District of California charging the defendant with two violations of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a), Sex Trafficking of Children (Counts 1 and 2), two violations of 18 U.S.C. § 2251(a), Production of Child Pornography (Counts 3 and 4), and one violation of 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography (Count 5). On April 2, 2015, a superseding information was filed, charging defendant

1

with a violation of 18 U.S.C. § 2422(a) – Coercion and Enticement of Travel for Prostitution.

Defendant pled guilty to the superseding information pursuant to a plea agreement with the government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

On July 9, 2015, the Court sentenced the defendant to sixty-three (63) months in custody, and seven (7) years of supervised release for a violation of Count One: Coercion and Enticement to Travel for Prostitution, 18 U.S.C. § 2422(a), a Class C Felony.

Although the Defendant served his original sentence, he has repeated violations during his supervised release term.  Defendant admitted to violations of Charges One, Two and Three of a Petition for Summons for Person Under Supervision [Form 12] at a February 10, 2021, hearing.  This Court amended the conditions of supervised release to include home confinement with GPS monitoring.   An Amended Form 12 was filed adding allegations to Counts Two and Three, and adding Charges Four, Five, Six and Seven.  Defendant is scheduled to appear before the Magistrate on the Amended Form 12 on April 22, 2021.  Sentencing on the Form 12 is currently scheduled for April 28 2021, before the Honorable James Donato.

    b.   Supervised Release Violations.

In February 2019, the Court revoked Mr. Ahmad's initial term of supervised release and imposed a four-month custodial sentence.  The revocation was a result of several violations for substance abuse.

In February 2020, the Court again revoked Mr. Ahmad's second term of supervised release and imposed a six-month custodial sentence.  This revocation was a result of multiple violations of supervised release that included: internet access; substance abuse; failure to reside at a Residential Reentry Center; and failure to comply with treatment. The Court also imposed a five-and-a-half-year term of supervised release to follow the custodial sentence.

In April 2020, Mr. Ahmad began testing positive for amphetamines and began a substance abuse treatment program at Pathways.  Mr. Ahmad walked away from the program but remained on supervised release.

In January 2021, Probation Officer Taylor found Mr. Ahmad in possession of a smart phone, an internet related device. Mr. Ahmad informed Officer Taylor that he was working as an escort and abusing amphetamines. The cell phone contained verification that Mr. Ahmad was working as an escort, that his escort services involved travel outside the Northern District of California, and the cell phone had hundreds of images of adult pornography.

A Petition for Summons for Person Under Supervision [Form 12] was filed. At the Form 12 hearing on February 10, 2021, Mr. Ahmad admitted to allegations number one, two and three. This Court amended the conditions of supervised release to include home confinement with GPS monitoring.

An Amended Petition for Summons for Person Under Supervision was filed with the Court on April 16, 2021, adding to Counts Two and Three that the cell phone contained hundreds of pornographic images, and added Counts Four, Five, Six and Seven. Count Four alleges that Mr. Ahmad committed a violation of state law by engaging in an escort service; Count Five alleges that he was using controlled substances; Count Six alleges that he left the Northern District of California; and Count Seven alleges that he failed to update his sex offender status.

    a.    Guidelines Calculation and Probation's Recommendation

The Government agrees with the guideline calculations set forth in the Probation Officer's Sentencing Recommendation of 4-10 months custody, and 3 years to life for supervised release. The Probation Officer recommends that the Court revoke the term of supervised release and impose a custodial sentence of eight (8) months, to be followed by a twenty-eight (28) month term of supervised release. The Probation Officer also recommends that Mr. Ahmad complete a one hundred and twenty (120) day term at the San Francisco Residential Reentry Center immediately upon his release from incarceration.

II.    THE 3553(a) FACTORS

The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008). As the Ninth Circuit has held, Courts should begin the process of

determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. Id. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" <u>United States v. Kimbrough</u>, 552 U.S. 85, 108 (2007) (quoting <u>United States v. Gall</u>, 552 U.S. 38, 49 (2007)), and are to be kept in mind "throughout the sentencing process." <u>Gall</u>, 552 U.S. at 50, n. 6. As noted by the Ninth Circuit, the Supreme Court has "clarified that we may attach a presumption of reasonableness to sentences falling within the Guidelines range." <u>United States v. Saeteurn</u>, 504 F.3d 1175, 1178 (9th Cir. 2007) (emphasis added). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). <u>Carty</u>, 520 F.3d at 991-93.

Beyond the Guidelines, under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for defendant, the Court should consider these factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant;

(5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

b.    A. Government's Sentencing Recommendation

The government is in agreement with the Probation Officer's guidelines calculations and recommendation to revoke Mr. Ahmad's term of supervised release, impose a custodial sentence of eight (8)

months, followed by a twenty-eight (28) month term of supervised release. The government also agrees with the recommendation that Mr. Ahmad complete a one hundred and twenty (120) day term at the San Francisco Residential Reentry Center immediately upon his release from incarceration.

The government's sentencing recommendation is based a need to deter Mr. Ahmad from future criminal conduct that places both the public and Mr. Ahmad at risk. Mr. Ahmad has significant substance abuse issues that he is unwilling to address. His substance abuse appears to be related to his criminal conduct and violations. Mr. Ahmad's refusal to engage in treatment, along with his significant recidivism, makes it difficult to impose a sentence that to ensure public safety by deterring future criminal conduct. Additionally, the recommended sentence informs Mr. Ahmad that he will be held accountable for his actions.

III.  CONCLUSION

The government agrees with the Probation Officer's guidelines calculations and recommendation to revoke Mr. Ahmad's term of supervised release, impose a custodial sentence of eight (8) months, followed by a twenty-eight (28) month term of supervised release. The government also agrees with Probation's recommendation that Mr. Ahmad complete a one hundred and twenty (120) day term at the San Francisco Residential Reentry Center immediately upon his release from incarceration.

The government takes into consideration the significant risk of recidivism for this defendant pursuant to 18 U.S.C. § 3553(a), to recommend an appropriate sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 /s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney